IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESSENCE FOSTER, individually and on behalf of all others similarly situated, § § § § *Plaintiff,* § § v. § § WAL-MART STORES TEXAS, LLC d/b/a WALMART SUPERCENTER # 2649 AND WALMART, INC. d/b/a WALMART SUPERCENTER #2649 § § § § § § § *Defendants.* § | Case No. 3:24-cv-00650-D |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**
**(With Demand for Jury Trial)**

Plaintiff Essence Foster, individually and on behalf of all others similarly situated, ("Plaintiff"), and for her *First Amended Complaint for Damages* against Defendants Wal-Mart Stores Texas, LLC d/b/a Walmart Supercenter #2649 and Walmart, Inc. d/b/a d/b/a Walmart Supercenter #2649  (collectively "Defendants") for its failure to to refund Plaintiff and putative class members pursuant to the terms of its advertised refund policy.

Plaintiff makes these allegations on personal information as to those allegations pertaining to herself and her personal circumstances, and upon information and belief, based on the investigation of counsel and facts that are matters publicly known, on all other matters and states as follows:

## INTRODUCTION

1. This is a consumer protection class action against Walmart arising out of Walmart's policies and procedures of regularly failing to refund the Plaintiff and putative class

members pursuant to the terms of its advertised refund policy.

## PARTIES

2. Plaintiff Essence Foster ("Plaintiff" or "Ms. Foster") is a natural person who resides in the City of Irving, County of Dallas, State of Texas.

3. Defendant Wal-Mart Stores Texas, LLC d/b/a Walmart Supercenter #2649 is a foreign limited liability company.

4. Defendant Walmart, Inc. d/b/a Walmart Supercenter #2649 is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716.

5. Personal jurisdiction exists over Defendants because they are entities that regularly transact business in this District, they have sufficient minimum contacts with this District to give rise to general personal jurisdiction over them, and specific personal jurisdiction exists over them as this suit arises out of their contact within this District.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court under 28 U.S.C. §1332(d). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed Class, and at least one Class member is a citizen of a state different from Defendants. *See also* Doc. 1 - *Defendants' Notice of Removal*.

7. Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. §1367.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of

the events that gave rise to the claims of the Plaintiffs occurred within this District, and Defendant does business in this Judicial District.

## FACTS RELATED TO WALMART

9.      Plaintiff and all others similarly situated are persons who shop at Walmart stores in Texas.

10.     Walmart operates retail stores throughout the U.S., and internationally, that offer a variety of inexpensive merchandise, including home products, seasonal products, consumables, and apparel. The company's business model focuses on offering a wide range of products at competitive prices in a convenient, one-stop shop. Its core customer category includes low-to-middle-income customers. The company's stores are located in convenient locations that are custom-tailored to their respective neighborhood.[1] Due to its large scale, Walmart is uniquely positioned to leverage pricing better than any of its competitors to drive sales and uphold its slogan, "EveryDay Low Price" for the benefit of its customers.[2]

11.     As of March 2023, Walmart owned and operated approximately Six Hundred and One (601) Walmart stores in Texas with more locations scheduled to open.[3]

## FACTS RELATED TO PLAINTIFF'S TRANSACTIONS

12.     The Plaintiff incorporates and restates the allegations contained in Paragraphs 1 through 9 as if fully set forth herein.

13.     The Plaintiff is a frequent customer of Walmart Store ##02649 in Dallas County, Texas.

---

[1] https://corporate.walmart.com/about (last visited Apr. 12, 2024).
[2] https://www.pymnts.com/walmart/2022/nearly-two-thirds-of-consumers-shop-in-walmart-stores-each-month-pymnts-study-shows/ (last visited Apr. 12, 2024).
[3] https://www.statista.com/statistics/1167169/walmart-number-of-stores-by-state-us/ (last visited Apr. 12, 2024).

14. On December 9, 2023, Ms. Foster visited Walmart Store ##02649 located at 1635 Market Place Boulevard, Irving, TX 75063, and a plush pajama set. *See* **Exhibit 1**, Receipt.

15. The total value of the purchased item equaled $21.63. Ms. Foster provided a cash payment of $10.00 and paid the remaining balance of $11.63 using her debit card. *See* Exhibit 1.

16. Nearly all products available at Walmart can be returned for a refund, however, some items are subject to restrictions or have shorter return periods. For this reason, Walmart encourages its customers to review its return policy which can be located on its website.

17. According to Walmart's refund policy, customers are entitled to a refund of items purchased within ninety (90) days of purchase unless the items fall under a narrow list of exceptions.[4] All refunds are applied to the original form of payment.[5]

18. There are four (4) categories of items listed as exchange items only:[6]

- Unlocked, opened wireless phones within 14 days
- Drones within 30 days
- Air beds/air mattresses within 90 days
- Durable medical equipment within 90 days (e.g., crutches, walkers, slings, mobility scooters, pulse oximeters

19. On or about December 10, 2023, Ms. Foster returned to Walmart Store #02649 to return the pajama set. This item was purchased on December 9, 2023 in a single transaction involving multiple payment methods. *See* Exhibit 1.

20. The item Ms. Foster attempted to return was not open, used, and/or defective. Furthermore, the item did not fall under the category of "exchange items only."

21. Defendant advised Ms. Foster that per company policy, returned items from purchases completed with multiple payment methods were only eligible for a Walmart gift card.

---

[4] https://corporate.walmart.com/policies#return-policy (last visited Apr. 12, 2024).
[5] *Id.*
[6] https://corporate.walmart.com/policies#return-policy (last visited Apr. 12, 2024).

22. The Defendant's stated "company policy" is not reflected anywhere in Walmart's advertised refund policy.

23. Ms. Foster was left with no other option but to accept the Walmart gift card.

24. On January 9, 2024 Foster sent Notice of Intent and Opportunity to Cure pursuant to Tex. Bus. & Com. Code §17.505(a) to Walmart. *See* Exhibit 2 at pp. 1-2.

25. The Defendants received the letter on or about January 14, 2024. *Id.* at pp. 4-5.

26. As of the filing of this Amended Complaint, the Defendants have not provided a written response to either the Plaintiff nor Plaintiff's Counsel.

27. Based on the allegations herein, *supra*, it is Walmart's policy and practice to deny customers in Texas stores a refund that aligns with the terms clearly stated in its advertised refund policy.

## CLASS ACTION ALLEGATIONS

28. **Class Definition:** Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(3) and (b)(1), on behalf of similarly situated individuals and entities ("the Class") defined as follows:

> All persons who resided in Texas on the date this Petition was filed, who at any time on or after the day two years prior to the date on which this Petition was filed purchased merchandise using multiple payment methods at a Walmart store located in Texas.

29. **Refund Subclass Definition:** The Plaintiff also brings this action on behalf of a Subclass of similarly situated individuals and entitled defined as follows:

> All members of the Class who received a refund in the form of a gift card at a Walmart store located in Texas.

30. **UDAP Subclass Definition:** The Plaintiff also brings this action on behalf of a Subclass of similarly situated individuals and entitled defined as follows:

> All members of the Class who received a refund in the form of a gift card at a Walmart store located in Texas (1) who sent Defendants a Notice of Dispute pursuant to Tex. Bus.

& Com. Code §17.505(a) requesting a cash refund more than sixty days prior to the filing of the Complaint, (2) who did not receive a written response to the Notice of Dispute, and/or (3) who did not receive a cash refund from Defendants as requested in their Notice of Dispute.

31. Excluded from the Class and Subclass are (1) the Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parent(s) have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class and/or Subclass; (4) any person(s) who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any excluded parties.

32. **Numerosity and Ascertainability:** Upon information and belief the Class and Subclass (the "Classes") are each composed of more than forty (40) members, such that the Classes are so numerous that joinder of all members is impractical. This conclusion is reasonable given that Defendant operates 601 stores throughout Texas as of March 2023 as noted above and the number of customers at each of Walmart's stores on a daily basis is likely dozens if not hundreds or thousands of consumers.

33. **Commonality and Predominance:** There are questions of law and fact common to the proposed Classes that predominate over any individual questions. These questions of law and fact include, but are not limited to:

   a. Whether Walmart was unjustly enriched by failing to fully refund the Plaintiff and Class Members with cash payments as part of the refunds provided to the Plaintiff and putative class members;

   b. Whether the Plaintiff and Class Members suffered an ascertainable loss as a result of the conduct of Walmart;

   c. Whether the Plaintiff and Class Members are entitled to actual damages, statutory

damages, and other remedies.

34.     **Typicality:** Plaintiff's claims are typical of the claims of the Classes. Plaintiff and the putative Class Members were all subjected to and affected by a uniform course of conduct; specifically, Walmart's pattern and practice of refusing Texas consumers a cash and/or check refund for a returned item purchased with multiple payment methods.

35.     **Adequacy:** The Plaintiff will adequately represent the interests of the Classes. The Plaintiff does not have any interests adverse to the Classes. Plaintiff's proposed class counsel has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

36.     **Superiority:** A class action is the superior method for the quick and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual members of the Classes are significant, the amount is modest compared to the expense and burden of individual litigation. The questions of law or fact common to the members of the Classes predominate over any question affecting only individual members. A class action will cause an orderly and expeditious administration of the claims of the Classes, and will foster economies of time, effort, and expense. Given the relatively small amount of damages available to Plaintiff and members of the Classes, adjudication on a classwide basis would provide members of the Classes with a remedy that they may be unlikely to pursue individually. Plaintiff does not anticipate any difficulty in the management of this litigation.

## CLASS CLAIMS

**COUNT ONE:**
**Deceptive Trade Practices-Consumer Protection Act**
**Texas Bus. & Com. Code § 17.41, *et seq.***

**(On behalf of the Plaintiff and DTPA Subclass)**

37. Plaintiff restates and incorporates all of his allegations contained in paragraphs 1 through 36 in their entirety.

38. The Plaintiff and putative class members are "consumers" as defined by Tex. Bus. & Com. Code § 17.45(4).

39. The Defendants are each a "person", as defined by Tex. Bus. & Com. Code § 17.45(3).

40. The Defendants advertised, offered, or sold goods or services in Texas and engaged in trade or commerce directly or indirectly affecting the people of Texas, as defined by Tex. Bus. & Com. Code § 17.45(6).

41. Based on the allegations herein, *supra*, the Defendants engaged in false, misleading, or deceptive acts and practices in violation of Tex. Bus. & Com. Code § 17.46(b), including, but not limited to:

   a. representing that an agreement, in this case the Defendants' refund policy, involves rights, remedies, or obligations related which is does not have or involve; and

   b. misrepresenting the authority of its employees to negotiate the final terms of the refund transaction;

42. Based on the allegations herein, *supra*, the Defendants intended to mislead Plaintiff and DTPA subclass regarding the refund policy and induce them to rely on its misrepresentations and omissions.

43. Based on the allegations herein, *supra*, the Defendants' representations and omissions related to the refund policy were material because they were likely to deceive reasonable consumers about their ability to receive full cash refunds and continue to shop at

Defendants' stores.

44. Based on the allegations herein, *supra*, as a direct and proximate result of the Defendants' unconscionable and deceptive acts or practices, Plaintiff and DTPA subclass members have suffered and continue to suffer injuries including, but not limited to, the ascertainable loss of money and non-economic damages including mental anguish.

45. As demonstrated by Exhibit 2, the Plaintiff has substantially complied with the notice requirements of Tex. Bus. & Com. Code § 17.505 and the Defendants received written notice of the factual basis of Plaintiff's dispute and causes of action more than sixty (60) days before the filing of this Amended Complaint.

46. To date, the Defendants have taken no action to remedy their misconduct or otherwise address the violations outlined in the Notice of Dispute. *See, e.g. generally* Exhibit 2.

47. Contemporaneous with the filing of this First Amended Complaint, pursuant to Tex. Bus. & Com. Code Ann. § 17.501, Plaintiff's counsel will send to the Consumer Protection Division a copy of the written notice sent to the Defendants and a copy of this First Amended Complaint.

48. Based on the allegations herein, *supra*, the Defendants have violated the DTPA and are liable to the Plaintiff and DTPA subclass members for actual damages, statutory damages, court costs, reasonably and necessary attorneys' fees and costs, and any other relief which this Court may deem just and proper.

### COUNT TWO:

### CONVERSION
**(On behalf of the Plaintiff and Classes)**

49. Plaintiff restates and incorporates all of his allegations contained in paragraphs 1

through 48 in their entirety.

50. Based on the allegations above, *supra*, when the Plaintiff and putative class members provided payment to the Defendant, they did so with the expectation under the Defendants' refund policy that should the Plaintiff and putative class members return purchased property, the Defendants would provide a cash refund to the Plaintiff and putative class members.

51. Based on the allegations above, *supra*, rather than receiving a cash refund from the Defendants, the Plaintiff and putative class members received refunds in the form of gift cards which could only used at the Defendants' stores.

52. By failing to honor its refund policy in which the Plaintiff and putative class members make a demand for cash in exchange for the return of Defendants' property, the Defendants have converted the cash of Plaintiff and putative class members.

53. The Defendants' conversion of the cash of the Plaintiff and putative class members at the time of the refund transaction is in violation of the Defendants' own refund policies and proximately causes the Plaintiff and putative class members to be deprived of the use and enjoyment of their cash which the Defendants continue to maintain control over.

54. By depriving the Plaintiff and putative class members of their cash, the Defendants are proximately causing the Plaintiff and putative class members irreparable harm by depriving them of the right to use the cash for their own use and enjoyment and forcing the Plaintiff and putative class members to either spend funds at the Defendants' stores or alternatively make the decision not to use the gift cards and lose out on the use of those funds.

55. The Defendants are therefore liable to the Plaintiff and members of the Classes for an award of actual damages, compensatory damages, and punitive damages in amounts to be

determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Essence Foster, on behalf of herself and those similarly situated, respectfully requests that that this Court grants judgment against Defendant Walmart, Inc. d/b/a Walmart, and issue an Order:

A. Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and Subclass, each as defined, *supra*;

B. Designating the Plaintiff as a representative of the Class and Subclass, and her undersigned counsel as Class Counsel;

C. Awarding the Plaintiff, Class and Subclass their actual damages;

D. Awarding the Plaintiff, Class and Subclass their statutory damages, as applicable;

E. Awarding the Plaintiff, Class and Subclass punitive damages, as applicable;

F. Awarding the Plaintiff, Class and Subclass their reasonable attorneys' fees and costs, including interest thereon, as allowed or required by law; and,

G. Granting all such further and other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, individually and on behalf of the Plaintiff, Class(es) and/or Subclass(es), hereby demands a trial by jury for all issues triable by jury.

Dated: April 12, 2024                    Respectfully Submitted,

/s/Brian D. Flick
Brian D. Flick (OH #0081605)*
Kurt H. Jones (TX 24130268)
DannLaw
15000 Madison Ave.
Lakewood, OH 44107
(216) 373-0539

*Essence Foster, et al. v. Wal-Mart Stores Texas d/b/a WalMart Supercenter #2649, et al.*
*Plaintiff's First Amended Complaint for Damages*
11

        (216) 373-0536 – fax
notices@dannlaw.com

\**Admitted Pro Hac Vice*

*Attorneys for Plaintiff Essence Foster and the putative class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2024 a true and correct copy of the foregoing *First Amended Complaint* and *Exhibits* was filed with the Clerk of Court and was forwarded via CM/ECF to the following parties:

    Randall W. Miller
    Email: rwmiller@munsch.com
    William Toles
    Email: wtoles@munsch.com
    Greg Noschese
    Email: gnoschese@munsch.com
    Frederick W. Addison
    Email: raddison@munsch.com
    Jordan R. Curry
    Email: jcurry@munsch.com
    MUNSCH HARDT KOPF & HARR, P.C
    500 N. Akard Street, Suite 4000
    Dallas, Texas 75201

*Attorneys for Defendants Wal-Mart Stores Texas, LLC and Walmart Inc.*

        /s/Brian D. Flick
        Brian D. Flick (OH #0081605)\*
        Kurt H. Jones (TX 24130268)
        DannLaw

        *Attorneys for Plaintiff Essence Foster and the putative class*

# EXHIBIT 1



```
Give us feedback @ survey.walmart.com
Thank you! ID #:7SLJRPXP7T8

              Walmart
              WM Supercenter
        214-574-4517  Mgr. ALAN
        1635 MARKET PLACE BLVD
             IRVING TX 75063
ST# 02649 OP# 009009 TE# 09 TR# 01709

             # ITEMS SOLD 1
   TC# 3877 7560 8953 8862 3792

PLUSH PJ SET  990001121200    19.98 X

                   SUBTOTAL    19.98
         TAX1  8.2500 %         1.65
                      TOTAL    21.63
                  CASH TEND    10.00
                 DEBIT TEND    11.63
                 CHANGE DUE     0.00

EFT DEBIT      PAY FROM PRIMARY
  11.63  TOTAL PURCHASE
US DEBIT- 3381 I 0 REF # 334400850663
NETWORK ID. 0008 APPR. CODE 000093
AID A0000000042203
TC 22E850DCF3AFE193
TERMINAL # 20877227
*Pin Verified
       12/09/23        18:25:53
```

# EXHIBIT 2

**Cleveland  |  Columbus  |  Cincinnati  |  New Jersey  |  New York**

**Dann Law**

**Brian D. Flick, Esq.**

(513) 645-3488  
*Direct Telephone*

bflick@dannlaw.com  
*Email*

(216) 373-0536  
*Fax*

January 9, 2024

Walmart, Inc.
℅ CT Corporation System
1999 Bryan St., Suite 900
Dallas, TX 75201

Re:   Notice of Dispute pursuant to Tex. Bus. & Com. Code §17.505(a) for Essence Foster

To All It May Concern:

Our office has been retained by Essence Foster related to issues that Ms. Foster had in Walmart SuperCenter #2649 located at 17635 Market Place Blvd., Irving, TX 75063 ("Walmart") on or about December 10, 2023.

Ms. Foster purchased a PJ Plush Set on December 9, 2023 for $21.63 ($19.98 plus sales tax) from Walmart paying $10.00 with cash and $11.63 with a debit card. *A copy of the receipt for this transaction is attached to this Notice*.  On or about December 10, 2023 when Ms. Foster returned the item to customer service, she was not offered the opportunity to receive her refund in cash as she requested.  Instead Walmart issued her a gift card in the amount of $21.63.

Ms. Foster believes that WalMart's failure to honor her request for a cash refund which is consistent with Walmart's publicly available information about its return policies violates her rights under the Texas Unfair Trade Practices Act.  This letter shall serve as Ms. Foster's Notice pursuant to Tex. Bus. & Com. Code §17.505(a) that WalMart investigate this claim immediately and provide Ms. Foster compensation which includes:

1. Immediate cash refund of $21.63 which encompasses Ms. Foster's actual monetary damages;
2. $64.89 in emotional distress damages which encompasses the possible compensation for emotional distress Ms. Foster may be entitled to pursuant to Tex. Bus. & Com. Code § 17.50(b)(1); and
3. $300.00 for Ms. Foster's reasonable attorney's fees and costs for which she may be entitled to pursuant to Tex. Bus. & Com. Code § 17.50(d)

Consistent with the requirements of Tex. Bus. & Com. Code § 17.505(a), Ms. Foster will not pursue any claims pursuant to Tex. Bus. & Com. Code § 17.50, *et seq*. until after **Tuesday, March 12, 2024.**

---

Mailing Address
15000 Madison Avenue
Lakewood, OH 44107

DannLaw.com
877-475-8100

Physical Address
220 Mill Street
Milford, OH 45150

January 9, 2024
Page 2



We thank you for your time in reviewing this Notice and on behalf of Ms. Foster, we look forward to hearing back from Walmart.

                                        Thank you.

                                        DannLaw

                                        */s/ Brian D. Flick*

                                        Brian D. Flick



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee  $ 4.35   08200
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $      Postmark
☐ Certified Mail Restricted Delivery  $    Here
☐ Adult Signature Required  $     01-09-24
☐ Adult Signature Restricted Delivery  $
Postage  $ 1.11
Total Postage and Fees  $ 5.46
Sent To  Walmart, Inc.
Street and Apt.  c/o CT Corporation System
City, State, ZIP+  1999 Bryan St., Suite 900
PS Form 3800   Dallas, TX 75201

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee  $ 4.35   08200
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $      Postmark
☐ Certified Mail Restricted Delivery  $    Here
☐ Adult Signature Required  $     01-09-24
☐ Adult Signature Restricted Delivery  $
Postage  $ 1.11
Total Postage and Fees  $ 5.46
Sent To  Wal-Mart Stores Texas, LLC
Street and  c/o CT Corporation System
City, State,  1999 Bryan St., Suite 900
PS Form 3   Dallas, TX 75201

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ✕

## 70222410000163984290

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item has been delivered to an agent for final delivery in DALLAS, TX 75201 on January 16, 2024 at 9:36 am.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered to Agent
**Delivered to Agent for Final Delivery**
DALLAS, TX 75201
January 16, 2024, 9:36 am

### In Transit to Next Facility
January 14, 2024

### Arrived at USPS Regional Facility
DALLAS TX DISTRIBUTION CENTER
January 13, 2024, 6:25 pm

### Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER
January 9, 2024, 10:35 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

Case 3:24-cv-00650-D     Document 15     Filed 04/12/24     Page 20 of 20     PageID 153

Text & Email Updates

USPS Tracking Plus®

Product Information

See Less

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

FAQs